# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Gordon Lamont Burch, | Civil No. 23-2689 (DWF/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| Embassy Suites/Step Stone Hospitality, | |
| Defendant. | |

Plaintiff Gordon Lamont Burch alleges that he was terminated from his employment and retaliated against by his former employer, defendant Embassy Suites/Step Stone Hospitality, on account of his race. *See* Complaint at 4 (Doc No. 1). Burch applied for *in forma pauperis* ("IFP") status in this proceeding. *See* IFP Application (Doc. No. 2). Because Burch applied for IFP status, his complaint is subject to preservice review under 28 U.S.C. § 1915(e)(2)(B).

An IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative

level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). *Pro se* complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

As explained in the September 27, 2023 Order of Magistrate Judge David T. Schultz, Burch's Complaint includes almost no factual allegations at all. The Complaint makes clear that Burch believes that he was discriminated against by his former employer but does not provide any indication of the form that discrimination took; it is impossible to say from the pleading why Burch believes himself to have been the subject of discriminatory actions. The conclusory allegation that Burch believes himself to have been discriminated against—the lone allegation found in Burch's pleading—is not entitled to the assumption of truth afforded to non-conclusory factual allegations in a complaint. *See Iqbal*, 556 U.S. at 679.

In lieu of a complaint setting forth a basis for relief, Burch has submitted an email that he submitted to the Equal Employment Opportunity Commission during the administrative investigation of his discrimination claim. *See* Doc. No. 1-1 at 1-4. As he was previously warned, Burch cannot use this document as a pleading. The document is extraordinarily difficult to follow and includes a great amount of information that does not appear to be germane to this litigation. It is far from clear which allegations in the document are intended to be the subject of this lawsuit, and the defendant to this action

cannot reasonably be expected to file an answer or other substantive response to that document.

Burch was warned of the pleading deficiencies and afforded 30 days in which to submit an amended pleading, but he has not to the point done so or otherwise responded to Magistrate Judge Schultz's September 27, 2023 Order that warned Burch that his complaint did not appear to state a claim on which relief may be granted.  That deadline having now passed, and this Court agreeing that the complaint does not state a viable claim for relief, this action will now be dismissed without prejudice pursuant to § 1915(e)(2)(B).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. This matter is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The application to proceed *in forma pauperis* of Plaintiff Gordon Lamont Burch (Doc. No. [2]) is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  November 7, 2023                s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge

3